IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE ANGEL ACOSTA, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-163 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas pursuant to a March 5, 2013 conviction for the offense of aggravated assault with a deadly weapon out of Nueces County, Texas, and the resultant 60-year sentence. For the reasons hereinafter expressed, the Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

In his pleading, petitioner asserts the following grounds:

1. "Illegal confinement to security detention as a Security Threat Group member, in violation of USCA 8, 14";

2. "The procedures to challenge/correct this classification are fundamentally inadequate under the 5th, 14th Amendment of the Due Process Clause";

3.  "The requirement of completion of the GRAD program to get X member status – violates the Ex Post Facto Clause of the US and TX Const and USCA 8, 14";

4.  "The STG status unconstitutionally extends outside of prison and exceeds sentence, in violation of USCA 5, 8, 14"; and

5.  "My confinement to security detention as STG violates the Equal Protection Clause of the 14th Amendment and Tx. Const. art. 1 § 3."

Petitioner identifies the relief he is seeking by his pleading as:

1.  "An adjudication by this court that I am not an STG member";

2.  "Declaration that the process available is constitutionally inadequate to effect due process";

3.  "Order releasing [petitioner] from security detention and placement into protective custody or safe-keeping"; and

4.  "Order requiring TDCJ to remove [petitioner] from their STG member list and x-member status implemented."

II.
### 28 U.S.C. § 2254 v. 42 U.S.C. § 1983

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser,* 411 U.S. at 499.

Here, petitioner's allegations challenge an aspect of petitioner's confinement, specifically his custody classification. Petitioner does not challenge the fact or duration of his confinement, nor does he seek a finding by this Court that would entitle him to a speedier release from prison. Petitioner's claims

are not cognizable in a federal habeas corpus action. Petitioner's claims should have been presented as a civil rights complaint under 42 U.S.C. §1983.

This Court declines to redesignate petitioner's pleading as a civil rights complaint as doing so would obligate petitioner to pay the $405.00 filing fee. Petitioner must decide if he wishes to pursue this claim in a separate civil rights lawsuit, which requires submission of a complaint on the 42 U.S.C. § 1983 form as well as the payment of the filing fee either in full or in installments pursuant to the PLRA. As petitioner's claims are not cognizable in a federal habeas corpus action the petition should be dismissed.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner JOE ANGEL ACOSTA, III be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _28th_ day of July 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the

event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).